**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: J.T. and Son Construction, LLC, | ) | Bankruptcy No.: 23-21623-JCM |
| | ) | |
| Debtor. | ) | Chapter 11 |
| _____ | ) | |
| J.T. and Son Construction, LLC, | ) | Document No.: |
| | ) | |
| Movant, | ) | Related to Document No.: |
| | ) | |
| v. | ) | |
| | ) | |
| No Respondents, | ) | |
| | ) | |
| Respondents. | ) | |

**MOTION FOR ORDER AUTHORIZING THE PAYMENT OF PRE-PETITION WAGES**
**AND EMPLOYMENT TAXES**

AND NOW comes the above-captioned Debtor, J.T. and Son Construction, LLC

("Debtor"), by and through its counsel Brian C. Thompson, Esquire and Thompson Law Group,

P.C. and files this Motion for Order Authorizing the Payment of Pre-petition Wages and

Employment Taxes, avers as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.

2.      This is a core proceeding within the meaning of 28 U.S.C. §157(b).

3.      Venue in this district is proper pursuant to 28 U.S.C. §§1408 and 1409.

**BACKGROUND**

4.      Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the

United States Code. 11 U.S.C. § 101 *et. seq.* (as amended, the "Bankruptcy Code"), in the United

States Bankruptcy Court for the Western District of Pennsylvania on August 2, 2023 (the "Petition Date").

5.      The Debtor is currently the debtor-in-possession within the meaning of Section 1101 of the Bankruptcy Code and has authority to bring forth this Motion. 11 U.S.C. § 1101.

6.      The Debtor is a business and is organized as a Pennsylvania corporation.  The Debtor's principal operating address is 64 Halstead Boulevard, Zelienople, PA 16063.

7.      Debtor has continued in the management of its property as debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

8.      Debtor operates a general construction and trucking/delivery business.

9.      The Debtor currently employs nineteen (19) office employees to conduct its normal business operations. The employees are paid on a bi-weekly basis. Some employees are salaried employees, while others are hourly.

10.      The Debtor's office employees perform a variety of critical functions, including labor and services to its clients. The employees have working knowledge and understanding of the Debtor's business and the client's needs and obligations – which are essential to the continued operation of the Debtor's business in this Chapter 11 case.

## RELIEF REQUESTED

11.      By this Motion, the Debtor respectfully requests that this Court enter an order authorizing the Debtor to pay or otherwise honor its payroll obligations to its employees for the wages earned pre-petition, but not paid. The Debtor further requests that this Court authorize the remittance and payment of any payroll taxes due and owing as a result of these pre-petition wages.

12.     The Debtor's employees are to be paid on Friday, August 11, 2023, for work performed between July 22, 2023, through August 1, 2023. A listing of the Debtor's employees and their respective pre-petition wages is attached hereto and marked as Exhibit "A."

13.     As of the Petition Date, all the Debtor's employees are currently owed these pre-petition wages earned during this period.

14.     Under Section 507(a)(4)(A) of the Bankruptcy Code, claims of employees against the debtor for "wages, salaries, or commissions, including vacation, severance and sick leave pay," that are "earned within 180 days before" the date on which the debtor's Chapter 11 case is commenced are afforded priority unsecured status up to $13,650 per individual. 11 U.S.C. § 507(a)(4)(A).

15.     As Exhibit "A" indicates, no employee's total cost of payroll exceeds the $13,650 cap provided for by Section 507(a)(4)(A).

16.     Furthermore, in the ordinary course of its business, the Debtor is responsible for the payment of payroll taxes on employee wages and employee benefits.

17.     Section 507(a)(8) of the Bankruptcy Code grants priority unsecured status to pre-petition claims of governmental units measured on income, as well as taxes to be collected or withheld for which the Debtor is responsible for payment. 11 U.S.C. § 507(a)(8).

18.     Accordingly, the payment of the pre-petition wages and any payroll taxes will reduce that creditor's priority claim against the bankruptcy estate.

19.     To the extent that these pre-petition claims for wages and payroll taxes are afforded priority by the Bankruptcy Code, other creditors to the bankruptcy estate will not be prejudiced because the payment of these claims will reduce the priority claims against the bankruptcy estate.

20.     Using the Debtor's business judgment, including considering the best interests of

the bankruptcy estate and its creditors, and in order to preserve its workforce, it is in the best

interests of the Debtor, the estate, and its creditors to permit the payment of the pre-petition

wages and any payroll taxes.

21.     If the Debtor is not permitted to make this payroll, it may lose valuable

employees. Further, if the Debtor does not make this payroll immediately, its employees may

cease working for the Debtor, which will cause further issues that would complicate the

reorganization.

22.     This Motion is being filed on an expedited basis because if the Debtor does not

make this payroll immediately, the employees may cease working for the Debtor and will

frustrate the efficiency of the bankruptcy case and this reorganization.

WHEREFORE, the Debtor requests that this Honorable Court enter an order approving

and authorizing the Debtor's request to pay the pre-petition payroll and pay the payroll taxes in

the total amount of $31,474.35 for the payroll to be paid on or after August 11, 2022.

Respectfully submitted,

Date: August 7, 2023

/s/ *Brian C. Thompson*
Brian C. Thompson, Esquire
Attorney for Debtor
PA I.D. # 91197
Thompson Law Group, P.C.
125 Warrendale Bayne Rd. Suite 200
Warrendale, PA 15086
(724) 799-8404 Telephone
(724) 799-8409 Facsimile
bthompson@thompsonattorney.com