IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| *IN RE*: | : | |
| | : | |
| J.T. AND SON CONSTRUCTION, LLC | : | Case No.: 23-21623-JCM |
| | : | (Chapter 11) |
| Debtor | : | |
| | : | |
| CHANNEL PARTNERS CAPITAL, LLC | : | |
| | : | |
| Movant | : | |
| | : | |
| v. | : | |
| | : | |
| J.T. AND SON CONSTRUCTION, LLC | : | |
| | : | |
| Respondent | : | |

**CHANNEL'S MOTION FOR RELIEF FROM
AUTOMATIC STAY OR, IN THE ALTERNATIVE,
MOTION TO COMPEL PAYMENT OF ADEQUATE PROTECTION**

Secured Creditor Channel Partners Capital, LLC ("Channel"), by and through its counsel, respectfully moves this Court for an order modifying the automatic stay pursuant to 11 U.S.C. §362 to allow Channel to repossess certain collateral from the Debtor, J.T. and Son Construction, LLC (the "Debtor"), or, in the alternative, an order compelling the Debtor to make adequate protection payments (the "Motion"). In support of the Motion, Channel states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction in regard to this matter pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for the relief requested in this Motion are 11 U.S.C. §§ 361, 362 and 363.

2. On August 2, 2023, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

1

3. The Debtor, as Debtor in Possession, has continued in possession of its property, pursuant to 11 U.S.C. §§1107 and 1108.

4. Venue is proper in this court pursuant to 28 U.S.C. § 1409 as the relief requested by this Motion constitutes a proceeding arising under and related to Debtor's Chapter 11 bankruptcy proceeding which is currently pending before this court.

## FACTS COMMON TO ALL COUNTS

a. **Equipment Finance Agreement.**

5. On or about November 8, 2021, Channel, as lender, and the Debtor, as borrower, entered into Master Equipment Finance Agreement No. xx061 and Schedule xx82-1M thereto (collectively the "Equipment Finance Agreement") wherein Channel financed the Debtor's acquisition of the following equipment: one (1) 2021 Snap Table PRO Hyperlite Cutting Table, Serial No. 1S9U1UR15MC216049; and one (1) 2017 Manac Combo Flatbed Trailer, Vin No. 5MC124816H168520 (collectively the "First Collateral"). See Declaration of Danielle Ormberg (the "Ormberg Declaration"), ¶ 9, attached hereto as Exhibit A, and the Equipment Finance Agreement attached thereto as Exhibit 1.

6. Pursuant to the Equipment Finance Agreement, the Debtor agreed to make forty-eight (48) consecutive monthly payments of $1,314.95, plus applicable taxes. See Ormberg Declaration, ¶ 10, and Equipment Finance Agreement attached thereto as Exhibit 1.

7. Pursuant to the Equipment Finance Agreement, Channel obtained a first priority security interest in the First Collateral. See Ormberg Declaration, ¶ 11, and Equipment Finance Agreement, ¶ 11, attached thereto as Exhibit 1.

8. Channel properly perfected its first priority security interest in the First Collateral by timely filing its UCC-1 financing statement and recording its lien on the certificate of title for

the trailer. See Ormberg Declaration, ¶ 12, and UCC-1 Financing Statement and Electronic Title Copy attached thereto as Exhibit 2.

9. The Debtor defaulted under the Equipment Finance Agreement by failing to make all necessary payments when due. See Ormberg Declaration, ¶ 13.

10. As a result of the default under the Equipment Finance Agreement, Channel is entitled to payment of the accelerated balance remaining of $33,898.89, exclusive of interest and attorneys' fees and costs. See Ormberg Declaration, ¶ 14, and Equipment Finance Agreement, ¶ 12, attached thereto as Exhibit 1, and Statement of Account attached thereto as Exhibit 3.

11. The Equipment Finance Agreement provides that, upon the occurrence of an event of default, Channel may take possession of and remove the First Collateral. See Ormberg Declaration, ¶ 15, and Equipment Finance Agreement, ¶ 12, attached thereto as Exhibit 1.

12. Channel has not had an opportunity to inspect its First Collateral. Based on a desktop valuation, Channel estimates the value of the First Collateral at $25,000.00, depending on condition and mode of sale. See Ormberg Declaration, ¶ 16.

13. Channel does not know if the First Collateral is insured or otherwise secured. See Ormberg Declaration, ¶ 17.

14. The First Collateral continues to depreciate, thereby diminishing Channel's interest in the First Collateral. Channel's interest in the First Collateral is not adequately protected. See Ormberg Declaration, ¶ 18.

   **b.** **Business Loan Agreement.**

15. On June 8, 2022, Channel, as secured party, and Debtor, as customer, entered into Business Loan and Security Agreement No. xx81-1M (the "Business Loan Agreement") for the principal amount of $100,000.00. See Ormberg Declaration, ¶ 19, attached hereto as Exhibit A,

and the Business Loan Agreement attached thereto as Exhibit 4.

16. Pursuant to the Business Loan Agreement, the Debtor granted Channel a security interest in all of the Debtor's "personal property assets, including, but not limited to, business equipment, inventory, accounts, accounts receivable, intellectual property, chattel paper, instruments, deposit accounts, commercial tort claims, contract rights, licenses, claims, general intangibles and any other assets and properties of any kind whatsoever, whether now owned or hereafter acquired, wherever located, together with all proceeds, including insurance proceeds (the "Second Collateral"). Channel Partners perfected its first-priority security interest in its collateral by filing a UCC-1 financing statement. See Ormberg Declaration, ¶ 20, Business Loan Agreement, ¶ 3, attached thereto as Exhibit 4, and UCC-1 Financing Statement attached thereto as Exhibit 2.

17. Pursuant to the Business Loan Agreement, the Debtor agreed to make fifteen (15) consecutive monthly payments in the amount of $8,533.33. See Ormberg Declaration, ¶ 21, and Business Loan Agreement, Section II, attached thereto as Exhibit 4.

18. The Debtor defaulted under the Business Loan Agreement by failing to make all necessary payments when due. See Ormberg Declaration, ¶ 22.

19. As a result of the default under the Business Loan Agreement, Channel is entitled to payment of the accelerated balance remaining of $62,927.06, exclusive of interest and attorneys' fees and costs. See Ormberg Declaration, ¶ 23, and Business Loan Agreement, ¶ 5, attached thereto as Exhibit 4, and Statement of Account attached thereto as Exhibit 5.

20. The value of Channel's Second Collateral is unknown. See Ormberg Declaration, ¶ 24,

21. Channel has performed all of its obligations under the Equipment Finance Agreement and Business Loan Agreement. See Ormberg Declaration, ¶ 25.

## RELIEF SOUGHT

**A. *Relief from Stay.***

22. Section 362(d) of the Bankruptcy Code provides that:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay-
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if-
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary for an effective reorganization.

11 U.S.C. §362(d) (West 2023).

23. The amount of Channel's claim is $96,825.95. Channel estimates the value of the First Collateral at $25,000.00. The value of the Second Collateral is unknown.

24. Cause exists to modify the automatic stay, because the Debtor has no equity in the First Collateral and Second Collateral (collectively the "Collateral").

25. The Collateral continue to depreciate, thereby diminishing Channel's interest in the Collateral.

26. Channel will suffer irreparable damage if the relief requested is not granted immediately, as the interest of Channel is not adequately protected.

27. To the extent that an automatic stay arose pursuant to Section 362 of the Bankruptcy Code, it must be terminated or modified to allow Channel to liquidate the Collateral to afford Channel the opportunity to minimize its losses and claims against the Debtor.

### B.   *Adequate Protection of Channel's Interest in the Collateral.*

28. Section 363(e) requires that adequate protection be given to an entity whose interest in the property is affected by the debtor's use, sale, or lease of property. See 11 U.S.C. §363(e) (West 2023); In re Dilts, 100 B.R. 759, 761 (Bankr. W.D. Pa. 1989), on reconsideration, 126 B.R. 470 (Bankr. W.D. Pa. 1991) (secured creditor is entitled to adequate protection to protect any interest in property under the administration of the debtor).

29. If the Debtor claims that the Collateral are necessary for an effective reorganization and intends to retain possession and use of the Collateral, then this Court, pursuant to § 363(e) of the Bankruptcy Code, should condition the continued use of the Collateral on the Debtor's payment of adequate protection to Channel to protect Channel's interest in the Collateral, including, at a minimum, cure of all post-petition defaults and requiring periodic cash payments to Channel thereafter.

30. Section 361 of the Bankruptcy Code provides that when adequate protection of an interest in property is required under §§ 362 and 363, such adequate protection may be provided by way of cash payments, the granting of additional liens, or compensation as an administrative expense to the affected entity's property interest.

31. Channel will suffer irreparable damage if such relief is not granted immediately, as the Debtor has no equity in the Collateral, the interest of Channel is not adequately protected, and the Collateral continue to depreciate.

Wherefore, Channel Partners Capital, LLC respectively requests:

    a.    that the automatic stay, to the extent it arose pursuant to §362 of the Bankruptcy Code, be modified or terminated, to permit Channel to dispose of the Collateral;

    b.    that the provisions of Bankruptcy Rule 4001(a)(3) not apply to the Order modifying this stay;

    c.    that, if relief from stay is not granted as to the Collateral, in the alternative the Debtor be ordered, as adequate protection, to cure all post-petition defaults and pay to Channel regular payments for post-petition possession and use of the Collateral; and requiring the Debtor to continue making monthly installment payments to Channel until such time as the Collateral may be surrendered to Channel; and

    d.    that Channel have such other and further relief as this Court deems just and proper.

Dated: October 6, 2023

Respectfully submitted,

THE LAW OFFICES OF RONALD S. CANTER, LLC

*/s/ Ronald S. Canter*
Ronald S. Canter, Esquire
PA Bar #94000
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone: (301) 424-7490
Facsimile: (301) 424-7470
rcanter@roncanterllc.com
**Counsel for Secured Creditor,**
**Channel Partners Capital, LLC**

## CERTIFICATE OF SERVICE

      The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by Electronic Notification pursuant to ECF procedures on this 6th day of October, 2023, to:

Brian C. Thompson, Esq.
Thompson Law Group, P.C.
125 Warrendale Bayne Road
Suite 200
Warrendale, PA 15086
bthompson@ThompsonAttorney.com
**Counsel for Debtor**

Jodi Hause, Esq.
Office of the United States Trustee
Suite 960, Liberty Center
1001 Liberty Avenue
Pittsburgh, PA 15222
jodi.hause@usdoj.gov
**Attorney for U.S. Trustee**

and mailed, first class, postage pre-paid this 6th day of October, 2023, to:

J.T. and Son Construction, LLC
64 Halstead Boulevard
Zelienople, PA 16063
**Debtor**

and to the Local Rule 1007-2(b) Parties in Interest identified on the creditor matrix attached hereto as Exhibit B.

                                          */s/ Ronald S. Canter*
                                          Ronald S. Canter